### In re William FITZPATRICK and Joan Fitzpatrick, d/b/a The Clarendon Motel, Debtors.

### Bankruptcy No. 94–11604–MWV.

United States Bankruptcy Court, D. New Hampshire.

Dec. 2, 1994.

Jennifer Rood, Backus, Meyer, Solomon & Rood, Manchester, NH, for debtors William and Joan Fitzpatrick.

H. Edward McBurney, Jr., William R. Battles, Battles, Bungeroth & McBurney, P.A., North Conway, NH, for creditors James E. & Joan B. Coyle.

Geraldine B. Karonis, Asst. U.S. Trustee, Manchester, NH.

Joseph D. Leverone, McLane, Graf, Raulerson & Middleton, Manchester, NH, for creditor Vanessa Eldridge.

### MEMORANDUM OPINION

MARK W. VAUGHN, Bankruptcy Judge.

This matter came before the Court for hearing on November 30, 1994, on the debtors' motion to convert to Chapter 13 or, in the alternative, dismiss so that the debtors could re-file under Chapter 13. The question raised by the debtors' motion was whether the debtors, whose case was pending prior to enactment of the Bankruptcy Reform Act of 1994 and whose debts exceeded the allowable limits for Chapter 13 debtors at the time of filing, could avail themselves of the protections of Chapter 13 by taking advantage of

the increased debt limits now in effect as a result of the Reform Act.

At the end of the hearing on November 30 this Court denied the debtors' motion and in its Order denying the motion reserved to itself the right to issue a separate written opinion incorporating its findings and conclusions. The Court now exercises that option and uses this opportunity to set forth and clarify its findings and conclusions for the benefit of the parties in this case and other debtors appearing before the Court.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### FACTS

On July 5, 1994, the debtors filed their petition for relief under Chapter 11 of the Bankruptcy Code. At the time of filing, the debtors' secured and unsecured debts exceeded the amounts set forth in section 109(e) of the Bankruptcy Code thereby making them ineligible for Chapter 13 relief.

On October 22, 1994, the Bankruptcy Reform Act of 1994 was signed into law. Section 108(a) of the Reform Act substantially increased the debt ceiling for Chapter 13 debtors. The effective date of the Act is controlled by section 702 of the Act. It provides that, except for certain enumerated exceptions, "the amendments made by this Act shall not apply with respect to cases commenced under title 11 of the United States Code before the date of enactment of this Act."

On November 3, 1994, secured creditors James and Jean Coyle filed their own plan of reorganization and disclosure statement and the debtors filed their motion to convert or, in the alternative, dismiss. The debtors filed their plan of reorganization and disclosure statement on November 4, 1994. The Coyles subsequently objected to the debtors' motion to convert or, in the alternative, dismiss.

### DISCUSSION

█ Under the Bankruptcy Code, a Chapter 11 case may be converted to a case under Chapter 13 on the motion of a debtor provided that the debtor may be a debtor under Chapter 13 and the court approves such conversion. 11 U.S.C. § 1112(b) & (f). The Court concludes that the debtors may not be debtors under Chapter 13 for the reasons set out below.

First, section 702(b) of the Reform Act specifically provides that, except for certain enumerated exceptions, "the amendments made by this Act shall not apply with respect to cases commenced under title 11 of the United States Code before the date of enactment of this Act." Section 108 of the Reform Act is not one of the enumerated exceptions. That being the case, the debtors cannot now convert their case to Chapter 13 as they do not qualify for such relief under the pre-Reform Act debt limits and nothing before the Court indicates that the plain language of section 702(b) does not control.

Second, the Court believes that the additions made by section 108(e) of the Reform Act evidence Congress' intent to limit the availability of the new debt limits to cases commenced after enactment of the Reform Act. Section 108(e) of the Reform Act amends section 104 of the Code by adding provisions which will automatically adjust the debt ceilings every three years to reflect changes in the Consumer Price Index. These automatic adjustments, section 108(e)(2) provides, "shall not apply with respect to cases commenced before the date of such adjustments."[1]

█ On the issue of dismissal, that is a discretionary order of this Court. As the Court has previously indicated, it does believe that this Chapter 11 case is a "two-party dispute" between the debtors and secured creditors James and Joan Coyle. While the Court believes that the motion to convert or, in the alternative, dismiss, was a part of the strategy in the dispute between the debtors and the Coyles, it does not fault anybody for trying to use that strategy. However, up to now, the parties have been going forward under the rules of Chapter 11.

---

1. The Court notes that although it might have misinterpreted a portion of section 108(e) in its oral ruling, it has no effect on the ruling which is based on the plain language of section 702(b).

To change it to allow dismissal and re-filing would surely change the level playing field since the debtors would probably have a better position to effectuate what they want to do with respect to the Coyles' claims under Chapter 13 than they would under Chapter 11.

The Court also brings to the debtors' attention the Seventh Circuit Court of Appeal's decision in *In re Sinclair,* 870 F.2d 1340 (7th Cir.1989). *Sinclair* was a Chapter 11 case in which the debtors, after passage of the Family Farmer Bankruptcy Act of 1986, tried to convert their Chapter 11 case to the newly created Chapter 12. The Sinclairs also moved to dismiss their case so that they could re-file under Chapter 12. The court in *Sinclair* found that "[p]roposals for conversion by another name are proposals for conversion." *Id.* at 1345. This Court finds the same way, that to allow a dismissal and a re-filing would just abrogate or end-run the prohibition that Congress intended that pending cases would not benefit by other than a few provisions of the Bankruptcy Reform Act of 1994.

For those reasons, the Court denied the debtors' motion to convert or, in the alternative, dismiss.